*Magoon & Lightfoot* for Van Gieson.

S. M. DAMON, J. O. CARTER, W. O. SMITH, A. W. CARTER AND E. FAXON BISHOP, TRUSTEES UNDER THE WILL OF B. P. BISHOP, DECEASED, *v.* HONOLULU PLANTATION COMPANY.

SUBMISSION ON AGREED FACTS.

ARGUED APRIL 20, 1907.          DECIDED APRIL 20, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

LANDLORD AND TENANT—*leasing land on share of sugar annually produced.*.

    Under a lease made October 1, 1898, to commence January 1, 1906, providing for a rental of 3½ per cent. of the gross amount of sugar annually produced on the premises, the land being subject meanwhile to an outstanding lease which was assigned to the lessee on June 7, 1898, the lessors are entitled as rent for 1906 to their proportion of sugar produced from cane grown on the land, which cane was harvested in March, April and May of 1906, although cultivated for a period of from nineteen to thirty-one months prior thereto.

OPINION OF THE COURT BY WILDER, J.

This is a submission on agreed facts. On October 1, 1898, plaintiffs leased to defendant certain lands in the district of Ewa, Oahu, the covenant for rent being as follows:

"The Lessee, for itself, its successors and assigns, doth hereby covenant to and with the Lessors, their successors and

assigns, that it, the Lessee, shall make full payment for rent of all the lands, tenements, hereditaments, rights and privileges, hereby demised and conferred, three and one-half ($3\frac{1}{2}$) per cent. of the gross amount of sugar annually produced on the premises, to be packed in suitable containers and delivered to the Lessors on the Railway Cars at the Mill of the Lessee, free of charge, provided, however, the annual rent so paid shall not be less than Thirteen hundred thirty-three and 33-100 Dollars ($1,333.33) per annum from January 1st, A. D. 1906, to September 1st, A. D. 1908, and not less than Four Thousand Dollars ($4,000.00) net in any one year from or after September 1st, A. D. 1908, to the end of the term of this lease all cash rentals payable on September 1st, of each year for the twelve months next preceding."

At the time of the execution of this lease a portion of the land was then under a lease to L. L. McCandless at an annual rental of $350 from January 1, 1891, to January 1, 1906. On June 7, 1898, defendant secured an assignment from McCandless of all his interest in the lands covered by the lease from plaintiffs subject to certain subleases of small portions made to third parties. Since October 1, 1898, defendant has been cultivating the land in question (the McCandless land) with sugar cane. During March, April and May, 1906, defendant produced 1427 tons of sugar from cane grown on the land, which cane had been in cultivation for a period of from nineteen to thirty-one months. This cane had matured and might have been harvested prior to January 1, 1906, yielding at the actual time of harvesting a small percentage more of sugar than if harvested in 1905. Plaintiffs claim to be entitled as rent for 1906 under the terms of the lease to $3\frac{1}{2}$ per cent. of the yield, which makes 49.94 tons of sugar, and which at the agreed valuation amounts to $2796.64, while defendant claims that plaintiffs are only entitled to such proportion of $3\frac{1}{2}$ per cent. of the 1427 tons of sugar produced as the time the cane was under cultivation during 1906 bears to the whole time of cultivation, which, as figured out, amounts to eight tons, making $448, or, in lieu thereof, to the minimum rental of $1333.33 provided for in the lease.

The question at issue turns on the meaning of "sugar annually produced on the premises." In this lease those words mean the amount of sugar produced in each year from cane grown on the premises. No sugar is produced in the sense in which it is here used until the cane is cut and ground and the juice therefrom made into what is known as sugar. Raising cane alone is not producing sugar. If a field of growing cane is absolutely destroyed, then no sugar is produced from that field in the sense that a portion of the production is payable as rent. The lease provides for a minimum money rental against all contingencies, such as, for instance, in case there is no product of sugar whatever in any one year, or not sufficient to equal the minimum rental, or the use of the land for some other purpose, or if for any other reason the lessors' share of sugar does not equal the minimum rental. In the case at bar the fact that defendant planted cane on the land and produced sugar from it from 1898 to 1906 does not make the application of the law different from what it would be, for instance, if some other plantation had planted the land for the same time and at the end of its term had left a certain amount of matured cane on the land. The argument of defendant that unless it prevails in this suit it will be forced to pay a double rental for 1905 and a part of 1904 is not sound because up to the beginning of 1906 plaintiffs have only been receiving the annual rental of $350, and the fact that defendant may have made a bad bargain with McCandless does not entitle it to make good out of plaintiffs. In our opinion the meaning of the lease, so far as rental is concerned, is clear and definite and does not require further discussion.

Judgment for plaintiffs for $2796.64 and costs, as decided orally at the argument.

*W. A. Kinney* and *S. H. Derby* (*Kinney, McClanahan & Derby* on the brief) for plaintiffs.

*R. W. Breckons* and *W. W. Thayer* for defendant.